UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PATRICK JOSEPH,

        Petitioner,        Case No. 1:20-cv-931

v.        Honorable Paul L. Maloney

UNKNOWN DUNBAR,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because Petitioner fails to demonstrate entitlement to relief under § 2241, both because his claims do not fall within the savings clause of 28 U.S.C. § 2255(e) and because they lack merit.

**Discussion**

**I.     Background**

Petitioner Patrick Joseph is incarcerated with the Federal Bureau of Prisons at the North Lake Correctional Facility in Baldwin, Michigan. Following a jury trial in the Southern District of Florida, Petitioner was convicted of attempted possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a). *United States v. Joseph (Joseph I)*, No. 0:03-cr-60278 (S.D. Fla. Feb. 12, 2004) (ECF No. 91). On April 22, 2004, applying the career-

offender enhancement under section 4B1.1 of the United States Sentencing Guidelines, the court sentenced Petitioner to a prison term of 360 months. *Id.* (ECF No. 112).

Petitioner appealed his conviction to the Eleventh Circuit, raising four issues: (1) the failure to transcribe certain audio and video evidence warranted a new trial; (2) the district court erred in admitting a codefendant's testimony about prior drug deals with Petitioner; (3) the evidence was insufficient to support the guilty finding; and (4) the district court violated his rights under *Blakely v Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), by finding that Petitioner was a career offender under the then-mandatory sentencing guidelines based on facts not found by a jury. In an opinion issued on July 8, 2005, the Eleventh Circuit rejected all appellate grounds and affirmed the conviction and sentence. *United States v. Joseph (Joseph II)*, No. 04-12119 (11th Cir. July 8, 2015); *see also Joseph I* (ECF No. 144). The court of appeals specifically held that Petitioner was not entitled to relief on his Sixth Amendment claim under *Booker*, because he failed to raise the issue before the district court and failed to demonstrate entitlement to relief under the plain-error standard. *Id.* at 10-11. Specifically, the court concluded that, while it was error for the district court to sentence Petitioner under mandatory sentencing guidelines, Petitioner had failed to show that there was a reasonable probability of a different result if the guidelines had been applied in an advisory fashion. As a result, Petitioner did not demonstrate that his substantial rights were affected by the *Booker* error, and he was not entitled to relief. *Id.*

In October 2006, Petitioner filed in the district court a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Joseph v. United States (Joseph III)*, No. 0:06-61522 (S.D. Fla.) (ECF No. 1). The motion raised seven grounds for relief: (1) whether Petitioner was denied a fair trial by the substitution of new charges not made by the grand jury; (2) whether Petitioner was denied due process by inaccurate jury instructions; (3) whether Petitioner was

denied due process by the use of false testimony from the key witness; (4) whether Petitioner was denied due process by the prosecution's failure to disclose *Brady* material; (5) whether Petitioner was subjected to cruel and unusual punishment as the result of being classified as a career offender; (6) whether the career-offender guideline provision was unconstitutionally applied based on Petitioner's prior offenses; and (7) whether Petitioner was denied the effective assistance of counsel. In a final judgment and order issued on October 26, 2006, the district court rejected all grounds presented. *Id.* (ECF No. 8.); *see also Joseph I* (ECF No. 146).

Petitioner appealed the denial of his § 2255 motion. In a summary order, the Eleventh Circuit denied Petitioner a certificate of appealability on any ground, for failure to make a substantial showing of the denial of a constitutional right. *Id.* (ECF No. 25.)

In July 2010, Petitioner filed an application in the Eleventh Circuit, seeking leave to file a second or successive motion under § 2255. *See In re Joseph (Joseph IV)*, No. 10-13343 (11th Cir.). In his motion, Petitioner argued that his prior state conviction for battery of a law enforcement officer did not qualify as a violent felony for purposes of sentencing as a career offender under section 4B1.1 of the United States Sentencing Guidelines. In support of his argument, Petitioner relied upon *Johnson v. United States*, 576 U.S. 591 (2015), which held that the imposition of an increased sentence under the Armed Career Criminal Act's ("ACCA") residual clause violates due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 597. In addition to the *Johnson* claim, Petitioner sought to raise six additional issues: (1) the government failed to prove intent in the initial conviction; (2) the use of false testimony denied Petitioner a fair trial; (3) the government committed a *Brady* violation; (4) the sentence violated the Eighth Amendment; (5) the sentence as a career offender is unconstitutional, because his 1990 drug conviction did not qualify under

3

U.S.S.G. § 4B1.2(b); and (6) ineffective assistance of counsel. On August 6, 2010, a panel of the Eleventh Circuit denied Petitioner's application, because Petitioner failed to make a prima facie showing that the application satisfied 28 U.S.C. § 2255(h). *Id.* (Ord. Aug. 6, 2006). The Court specifically held that Petitioner was not entitled to relief because the Supreme Court had not held that the *Johnson* decision was retroactive to cases on collateral review. *Id.*

Petitioner resumed his attempts to challenge his career-offender designation on June 6, 2016, by filing another application seeking leave to file a second or successive § 2255 motion. *In re Joseph (Joseph V)*, No. 16-13289 (11th Cir.). In his 2016 application, Petitioner raised two arguments: (1) his prior Florida conviction for battery on a police officer did not qualify as a predicate felony for purposes of imposing a career-offender enhancement under the sentencing guidelines; and (2) his prior Florida conviction for trafficking cocaine should not have been considered a serious drug offense under the guidelines, because the statute of conviction does not require proof of knowledge of the offense. To support his claims, Petitioner again relied upon *Johnson*, 576 U.S. 591, for the proposition that the career-offender enhancement under the sentencing guidelines was unconstitutionally vague. *Id.*

The Eleventh Circuit denied the application to file a second or successive § 2255 application. Citing *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2016), the court held that the vagueness doctrine upon which the Supreme Court relied in *Johnson* does not apply to the career-offender enhancement under the advisory sentencing guidelines. *Joseph V*, No. 16-13289 (July 15, 2016) (Ord. at. 4). The court further held that the Supreme Court's determination in *Welch v. United States*, 136 S. Ct. 1257 (2016)), that *Johnson* applied retroactively to cases on collateral review involving the Armed Career Criminal Act did not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the sentencing guidelines. *Id.* at 6 (citing *In re Griffin*, No. 16-12012 (11th Cir May 25, 2016)). The court

4

concluded that, based on *Matchett* and *Griffin*, Petitioner could not make a prima facie showing that *Johnson* applied to him, because "the Sentencing Guidelines—whether advisory or mandatory—cannot be unconstitutionally vague." *Id.* at 7.

On or about September 18, 2020, Petitioner filed the instant habeas corpus petition under § 2241. Petitioner essentially reargues the claims he made in the Eleventh Circuit—that he is entitled to relief under *Johnson*, 576 U.S. 591, from the application of the sentencing enhancement under section 4B1.2 of the sentencing guidelines.

**II.    Analysis**

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The Sixth Circuit repeatedly has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective'

5

merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence," *Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 757, or "'a subsequent, retroactive change in statutory interpretation by the Supreme Court,'" *Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 599-600).

The standard for demonstrating actual innocence, either directly or due to the Supreme Court's interpretation of a statute, is exceedingly high and "ensures that [a] petitioner's case is truly 'extraordinary . . . .'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'To establish actual innocence'" for the purposes of § 2255(e), a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Yet, as both the Supreme Court and Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Petitioner's challenge does not rest on a claim of actual innocence. Instead, he seeks relief through the second type of exception to the exclusivity of § 2255. He contends that his sentence was mandatorily enhanced for reasons now excluded by a subsequent and retroactive interpretation of law.

Under *Hill*, the Sixth Circuit determined a petitioner could proceed with a § 2241 motion pursuant to this aspect of § 2255's saving clause only where a petitioner: (1) was "sentenced under the mandatory guidelines regime" prior to *Booker*, 543 U.S. 220; (2) is "foreclosed from filing a successive petition under § 2255"; and (3) received an enhanced sentence

6

but "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that [petitioner's] previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599-600. In the time since *Hill*, the Sixth Circuit has confronted whether several other categories of sentence enhancement cases could satisfy the first *Hill* prong. The Sixth Circuit has clearly held that a petitioner sentenced under the post-*Booker* advisory sentencing guidelines cannot succeed on collateral attack against an alleged misapplication of the guidelines. *See Bullard v. United States*, 937 F.3d 654, 659 (6th Cir. 2019). In its recent *Hueso* opinion, the Sixth Circuit expressly left open a question of whether a petitioner can properly bring a statutory (as opposed to constitutional) "challenge to a mandatory-minimum enhancement" on collateral attack, but it conclusively held that such a claim could not be brought under § 2241. *See Hueso*, 948 F.3d at 331-32.

To the extent that Petitioner suggests that his sentence enhancement under U.S.S.G. § 4B1.1 violated *Booker*, his claim was decided against him on direct appeal. Although Petitioner was sentenced before *Booker* was decided, his appeal was decided after *Booker* issued. The court of appeals rejected his claim because he had not challenged the district court's factual findings on Sixth Amendment grounds, as foreshadowed by prior cases including *Blakely*, 542 U.S. 296, and because he had provided no support for a finding under plain-error review that application of the guidelines in an advisory fashion would have altered the result. *Joseph II*, No. 04-12119 at 10-11. In addition, Petitioner made no attempt to re-assert the issue in his first motion under § 2255. He thus was never foreclosed from raising the claim in a § 2255 application, and § 2255 cannot be deemed inadequate or ineffective for purposes of the savings clause.

To the extent that Petitioner asserts that § 2255 is "inadequate or ineffective" to address his claim under *Johnson*, 576 U.S. 591, his claim also fails. Petitioner had the opportunity to present his *Johnson* claim to the Eleventh Circuit on two occasions. On both occasions, the

Eleventh Circuit denied leave to file a second or successive § 2255 petition, but only after analyzing the issue before it. In the 2016 case, the Eleventh Circuit relied on circuit authority, *Matchett*, 802 F.3d at 1193-96, to conclude that the vagueness doctrine on which the *Johnson* decision rested did not apply to the sentencing guidelines. The Eleventh Circuit's conclusion that *Johnson* does not apply to the sentencing guidelines has since been adopted by the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017). The *Beckles* Court expressly held that sentencing guidelines were not subject to a void-for-vagueness challenge under the Due Process Clause. *Id.* at 894. As a result, the Supreme Court's decision in *Johnson*, 576 U.S. 591, was not a "subsequent, retroactive change in statutory interpretation by the Supreme Court," *Hill*, 836 F.3d at 599-600, that undermined Petitioner's enhanced pre-*Booker* sentence.

Because *Johnson* has no bearing on the constitutionality of the guidelines sentencing enhancement, Petitioner is neither entitled to bring a § 2241 challenge to his sentence under the savings clause of § 2255(e) nor entitled to relief on the merits of his claims.

### Conclusion

The Court will enter a judgment dismissing the petition.[1]

Dated:   November 30, 2020                     /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge

---

[1] In § 2241 cases, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).